**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ERICA FEBRIANTI,<br><br>Plaintiff,<br><br>v.<br><br>STARWOOD WORLDWIDE *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 26-02641 (UNA) |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a form Complaint for a Civil Case and an application to proceed *in forma pauperis* (IFP). For the following reasons, the Court grants the IFP application and dismisses the complaint.

Plaintiff sues two entities and the State of New York for reasons unknown. The handwritten scribble comprising the complaint mentions retaliation, racial discrimination, and constructive discharge. *See* Compl., ECF No. 1 at 3-4. What's clear is that Plaintiff is a citizen of New York, *id*. at 3, and the defendants are located there, *id*. at 4.

Although *pro se* complaints are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), they must comport with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) requires that a complaint contain a short and plain statement of (1) the grounds for the court's jurisdiction, (2) the claim showing that the pleader is entitled to relief, and (3) the relief demanded. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (cleaned up). The pleader must allege enough facts to permit a court "to infer more than the mere possibility of misconduct." *Brown v. Whole Foods Mkt. Grp.*, 789 F.3d 146, 150 (D.C. Cir. 2015) (cleaned up).

Plaintiff has not pleaded a basis for federal court jurisdiction and alleged facts to provide "fair notice" of the claims and "the grounds upon which [they] rest." *Jones v. Kirchner*, 835 F.3d 74, 79 (D.C. Cir. 2016) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Therefore, this case will be dismissed by separate order.

TREVOR N. McFADDEN
United States District Judge

Date: October 28, 2026